Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Southern District of West Virginia

Bluefield Division

1) Shelia Hallman-Warner
2) Roscoe Oliver Warner

_____

Case No. 1:17-cv-02882

(to be filled in by the Clerk's Office)

| )
| )
| )

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

Jury Trial:  *(check one)*   ☒ Yes   ☐ No

-v-

Bluefield State College, et.al.
"See attached"

_____

**Defendant(s)**
*(Write the full name of each defendant who is being sued.  If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

I.   **The Parties to This Complaint**

A.   **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Shelia Hallman-Warner et.al |
| Street Address | 304 Memorial Avenue |
| City and County | Bluefield - Mercer |
| State and Zip Code | WV 24701 |
| Telephone Number | 304-922-1434 |
| E-mail Address | SheliaWarner304@gmail.com |

B.   **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

*See Attached*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

    Name                 _____

    Job or Title *(if known)* _____

    Street Address _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

    E-mail Address *(if known)* _____

**Defendant No. 2**

    Name _____

    Job or Title *(if known)* _____

    Street Address _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

    E-mail Address *(if known)* _____

**Defendant No. 3**

    Name _____

    Job or Title *(if known)* _____

    Street Address _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

    E-mail Address *(if known)* _____

**Defendant No. 4**

    Name _____

    Job or Title *(if known)* _____

    Street Address _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

    E-mail Address *(if known)* _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 USC 2000e
Title VII of the Civil Rights Act of 1964

### B.  If the Basis for Jurisdiction Is Diversity of Citizenship

1.  The Plaintiff(s)

   a.  If the plaintiff is an individual

   The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

   b.  If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

   and has its principal place of business in the State of *(name)*

   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

   a.  If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Page 3 of 5

b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under

the laws of the State of *(name)* _____, and has its

principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

"See Attached"

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The plaintiffs ask for punitive and compensatory damges, as well as any other damages that the court may deem appropriate.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _5-11-17_

Signature of Plaintiff    _Shelia Hallman-Warner_

Printed Name of Plaintiff    _Shelia Hallman-Warner_

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Shelia Hallman Warner**
     **304 Memorial Avenue**
     **Bluefield, WV 24701**

From:  **Pittsburgh Area Office**
       **1000 Liberty Avenue**
       **Room 1112**
       **Pittsburgh, PA 15222**

| | |
|---|---|
| [ ] | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **533-2017-00338** | **Philadelphia Legal Unit** | **(215) 440-2828** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[X]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment,  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Roosevelt L. Bryant* (signature)                        2-8-17

Enclosures(s)

**Roosevelt L. Bryant,**
**Director**                        *(Date Mailed)*

cc:  **Jonette Aughenbaugh**
     **Director of Human Resources**
     **BLUEFIELD STATE COLLEGE**
     **219 Rock Street**
     **Bluefield, WV 24701**

## Defendants:

**Defendant No. 1:**
Bluefield State College, WV State Government Entity/ Higher Education Policy Commission
219 Rock Street
Bluefield/ Mercer
WV 24701
304-327-4000

**Defendant No. 2:**
Shelia Johnson
Vice-President Financial Affairs, Bluefield State College
219 Rock Street
Bluefield/ Mercer
WV  24701
304-327-4040
sjohnson@bluefieldstate.edu

**Defendant No. 3:**
Jason Brooks
Director of Public Safety, Bluefield State College
219 Rock Street
Bluefield/ Mercer
WV  24701
304-327-4180
jbrooks@bluefieldstate.edu

**Defendant No. 4**
Angela Lambert
Provost/ Vice-President of Academic Affairs
219 Rock Street
Bluefield/Mercer
WV  24701
304-327-4069
alambert@bluefieldstate.edu

**Defendant No. 5:**
Jonetta Aughenbaugh
Director, Human Resources
219 Rock Street
Bluefield/Mercer
WV  24701
jaugenbaugh@bluefieldstate.edu

**Defendant No. 6:**
Martha Eborall
Dean of Arts and Sciences
219 Rock Street
Bluefield/Mercer
WV  24701
304-327-4316
meborall@bluefieldstate.edu

**Defendant No. 7:**
Amanda Matoushek
Chair, Social Sciences
219 Rock Street
Bluefield/Mercer
WV  24701
304-327-4163
amatoushek@bluefieldstate.edu

**Defendant No. 8:**
Sandra Wynn
Chair, Promotion and Tenure Committee
219 Rock Street
Bluefield/ Mercer
WV  24701
304-327-4213
swynn@bluefieldstate.edu

**Defendant No. 9**
Dr. Joanne Robinson
Vice-President Student Affairs
219 Rock Street
Bluefield/ Mercer
WV  24701
304-327-4569
jrobinson@bluefieldstate.edu

**Defendant No. 10**
Jerry Perdue
Letter to the Editor, member Student Governing Association, Student Representative
Bluefield State College Board of Governor's
219 Rock Street
Bluefield/ Mercer
WV  24701
Phone and email

**Defendant 11:**
Marsha Krotseng
President/ Bluefield State College
219 Rock Street
Bluefield/Mercer
WV  24701
304-327-4030
mkrotseng@bluefieldstate.edu

**Defendant No. 12**
Current and Former Board of Governor's Bluefield State College
Robert E. Perkinson Jr.
Chair, Governing Board of Bluefield State College
219 Rock Street
Bluefield/Mercer
WV  24701
304-325-3403
perkinbob@yahoo.com

**Defendant No. 13:**
**Garry D. Moore**
Vice-Chair, Governing Board of Bluefield State College
128 Clifford Street
Bluefield/ Mercer
WV  24701
304-325-2599
Gmoore4524@gmail.com

## III. Statement of Claim

**Plaintiff No.1** is a 61-year old female, tenured Assistant Professor of Criminal Justice at Bluefield State College.  Plaintiff has been a faithful, loyal, and dedicated faculty member for 23 years, having established a specialization (Corrections) within the Criminal Justice department beginning in 1994, following a 15-year successful career working in the field.  Plaintiff has been an outstanding faculty member throughout her tenure, demonstrating extraordinarily remarkable accomplishments and achievements throughout her tenure, including Faculty Nominee of the Year by the Student Government Association, May 2015.  Plaintiff represented the institution with service on national and international professional association boards for approximately 15 years, affording students the opportunities to participate in professional activities in attending conferences, study abroad, and engaged in measures above and beyond duties of her position. The plaintiff did not view the position as a job, but a passion.

**Plaintiff No. 2** is the 66-year old husband of the plaintiff; a heart patient since 1999, on disability since 2002; most recent brush with death November 23, 2015. The actions of Bluefield State have caused undue mental anguish, physical and emotional distress.  The health conditions of Plaintiff No.2 place him at extremely high risk of serious ramifications due to malevolent actions and deliberate showing of ill will towards his wife, Plaintiff No. 1.

## Defendant No. 1:  Bluefield State College

Bluefield State College, acting under the authority of the West Virginia Higher Education Policy Commission, is complicit in subjecting the plaintiff, March 26, 2015-present, to willful, deliberate, and intentional infliction of emotional distress, hostile work environment, pattern of harassment, mental anguish, retaliation, defamation of character, humiliation, shunning, unwarranted discipline, disparate treatment, malicious prosecution, violation of privacy and confidentiality, denial of promotion, denial of opportunity to uphold faculty duties, obligations, responsibilities, professional judgement deliberately undermined, resulting in challenges to maintain the integrity of program established by the plaintiff in 1994. The plaintiff's work performance has been significantly impacted, requiring necessary medical leave of absences, students deprived of subject matter expert in classes as a result of undue health issues directly attributed to treatment of employee by employer; treatment that is vastly different from similarly situated employees. Plaintiff is currently under the continuous care of 3 doctors, specifically necessitated by infliction of intentional and deliberate ill will.

## Defendant No. 2:  Shelia Johnson, Vice-President of Financial Affairs

Between September 1 and September 06, 2016, Shelia Johnson directed a criminal citation be issued against plaintiff; this followed approximately 2 years of plaintiff speaking out related to various issues regarding institutional practices, including lack of transparency, arbitrary and capricious decision-making, pay inequities, arbitrary and capricious decision making related to salary adjustments, safety on campus, deprival of open comment section at public governing board meetings in violation of bylaws, disparate and discriminatory treatment, alleged violations of accreditation, alleged waste, fraud, and abuse of federal funding, entitlement to funding based on status as a Historically Black College; changing of seal and logo in excess of close to $1 million dollars, as enrollment is less than 1300 students, with top 5 administrators making over $800,000. annually, as faculty have had no cost of living increases in minimum 12 years. Administration was aware of complaints being filed because plaintiff advised of such, beginning April 28, 2015, in efforts to seek investigation related to financial practices of the institution.

1

Shelia Johnson, continued:

The issues were presented to faculty in a general faculty meeting, by the Chair of Faculty Senate; documentation by plaintiff began Fall 2012.
As a result, and a career dedicated to accountability, plaintiff confronted issues, including:

   a) attended alumni meeting on or about April 20, 2016 related to change of seal of a Historically Black College, against the recommendation of subcontractor due to historical significance of the seal and unethical practices of the institution
   b) April 28, 2015. Plaintiff was attempting to speak with an evaluator on campus related to evaluation of the President; the question related to lack of cost of living increase for faculty in minimum 12 years. One of Ms. Johnson's employees took objections to other issues raised in relation to discriminate pay, was allowed to disrespect and bully plaintiff, in the presence of the governing board Chair. Plaintiff alleged exploitation, advising attempt would be made to trigger full financial investigation of institution.
   c) March 26, 2015:  Plaintiff raised the issue, of safety on campus citing specific instances of issues related to safety of faculty, staff, and students, and liability of the institution.
   d) Plaintiff raised issue of disparate awards of monies to select faculty in adjustment of salaries, arbitrarily and capriciously.
   e) Between September 6th and November 22, 2016:  Directed Jason Brooks to inform if plaintiff willing to resign, charges would be dropped.
Plaintiff was also subjected to the pulling and watching of class tapes, directed by Shelia Johnson, allegedly for purposes to manipulate charges and fabricate evidence.

**Defendant No. 3:  Jason Brooks, Director of Campus Security**
   a) Threatened plaintiff on September 6, 2016, stating that "we do not want to arrest you on campus for felony possession of a deadly weapon; the prosecutor has agreed to lesser charge. I have spoken with Magistrate, pay small fine and we will keep it quiet".
   b) Malicious prosecution. Issued citation to plaintiff on September 6, 2016 for crimes against peace, disturbing a school, as a stun gun and pepper spray had been displayed in a Victimology class on August 16, 2016.
   c) Subjected to humiliation having to appear before former student, current Magistrate.
   d) As Brooks and Johnson learned of jury trial requested, ongoing harassment and attempt to intimidate continued with inclusion of plaintiff in confidential email response to legal representative of the institution on October 26, 2016. Cited was discussions having taken place since issuance of citation to drop the lesser charge of disturbing a school, and refile as felony possession of a deadly weapon.  Brooks' stated that the lesser charge was an effort to help plaintiff avoid a felony weapons offense in her "criminal history"; plaintiff is not aware of a criminal history during a 38-year career.
   e) Charge dismissed by the Mercer County Prosecutor on November 22, 2016.
   f) Flawed investigation, between August 16 and September 6, 2016. Failure to interview plaintiff or students present at the time.
   g) At hearing on policy violation cited in letter of warning related to characterized incident, Brooks failed to produce complaint made by student to staff member, failed to produce referral stated to have been received by Safety Committee representative, failure to produce investigation, testified that he issued citation at his own "behest", in direct

contradiction of statement, and reportedly, to Magistrate.  Brooks testified that he filed a criminal complaint; no such was filed, nor presented.

**Defendant No. 4: Dr. Angela Lambert, Interim Provost and Vice-President, Academic Affairs.**

a) Issued letter of warning to Plaintiff dated September 1, 2016 related to 31-second display of stun gun and pepper spray in a 400-level Victimology class; cited for unprofessional conduct, potential to create an intimidating and hostile learning environment, potentially perceived as threating to students.

b) Breach occurred related to rights of privacy and confidentiality in that the letter contained information to which the Interim Provost would not have been privy as the action occurred prior to her assuming duties of the position. The prior warning referenced had been removed from the personnel file of the plaintiff on July 1, 2016, the day the Interim Provost assumed position, and 3 months prior to letter issued on September 1, 2016. The prior letter referenced was also grieved, right to appeal lost as husband was airlifted out, critical and on life support November 23, 2015.

c) Plaintiff was subjected to increased scrutiny that other similarly situated employees were not subjected to:  asking students about class of plaintiff only.

d) Defendant issued a lengthy letter, on or about October 4, 2016 related to medical leave; the plaintiff received letter on October 5, 2016, while on medical leave, in violation of policy.  The letter is alleged to have been continued harassment.

e) Violation of Title 133 Higher Education Policy Commission in denial of faculty duties, responsibilities and obligations; allow Dean and Chair of Arts and Sciences to ignore input from plaintiff.

A grievance was filed on behalf by union representative for the plaintiff related to letter of warning dated September 1, 2016; this letter was issued following plaintiff speaking with a visitor from the Association of Governing Boards on August 30, 2016 related to various alleged unethical and exploitive actions of the administration and governing board.  The status of the allegedly unwarranted discipline is currently on appeal, awaiting hearing on Level III.  The initial hearing held on November 16, 2016 was one in which students were unmercifully and brutally attacked, accusing them of being present only because they felt compelled to because had not received grade yet, must have plaintiff for other classes; blatantly attacking the plaintiff's integrity and demonstrated commitment to students.

**Defendant No. 5:  Jonetta Augenbaugh, Director, Human Resources**

a. 'Investigated' complaint filed against plaintiff despite having no institutional policy on complaints; provided plaintiff with unrelated and non-applicable policy on grievance, highlighting to be resolved at lowest administrative level, technically Dean or Chair. Plaintiff became a victim of biased and partial investigation, allegedly by one lacking training to conduct investigations, and resulting in discipline for plaintiff only, despite evidence of plaintiff being bullied by complainant.

b. In violation of WV Code 6C-2-3(m); defendant failed to provide plaintiff with copy of transcript upon request (March 2016) of grievance hearing held September 28, 2015.

c. Scheduled grievance hearing for October 4, 2016, fully aware that plaintiff was on medical leave, and in direct violation of grievance policy.

3

   d. Violated confidentiality and privacy rights of plaintiff by disclosing prior letter of
      warning removed from file July 1, 2016, one year from issuance.  Information disclosed
      to Interim Provost, assuming position July 1, 2016.
   e. September 28, 2015:  At the conclusion of plaintiff's grievance hearing, she was provided
      a flash drive inconsistent with what was shown during the hearing.  Video surveillance
      footage and audio from a cell phone video were overlapped and shown during the
      hearing.
   f. Allegedly changed requirement of Law Enforcement position from one-year experience
      'required' to 'preferred', on or about March 28 2015.  The change was discovered by the
      Dean, resulting in reversal.
   g. Plaintiff's rights, responsibilities, and obligations as a faculty member were denied in
      dismissal of input related to position vacated by 37-year Law Enforcement professor,
      Col. William Aldridge.  The job description and parameters were not in line with like
      positions; integrity of program compromised as unreasonable decisions made by non-
      career persons.

**Defendant No. 6:  Martha Eborall, Dean, Arts and Sciences**
   a) Increased scrutiny that other similarly situated employees are not subjected to in terms of
      classes, class coverage, denied academic freedom.
   b) Lack of support as plaintiff has been subjected to 2 years of retaliation, discrimination,
      on-going harassment and disparate treatment; Defendant has repeatedly stated that she
      cannot intervene in 'personnel issues'
   c) Failure to address pay inequities, as requested by plaintiff numerous occasions
   d) Undermine professional judgement related to program decisions; input ignored
   e) Failure to allow plaintiff to engage in faculty obligations, duties and responsibilities
      related to inclusion on search committee to fill critical position and fit for program.
      Violation of Title 133: Higher Education Policy Commission
   f) Requested additional information related to personal leave request, and class coverage
      submitted; information not requested in the prior 22 years. Once complied with, still yet
      additional requests made; actions others are not subjected to. It became necessary for me
      to enlist the assistance of the Provost to handle the situation.
   g) April 26, 2016. Harassment, threats of insubordination, disciplinary action, up to and
      including termination of faculty appointment.  The letter was mailed certified to the home
      of the plaintiff, alleged to be an unnecessary action and solely intended to intimidate
      based on the fact that a meeting was held on same day regarding same issue; any letter
      felt to have been warranted could have been presented at the meeting, as it was planned
      in advance specifically to discuss issues cited in disciplinary letter.  The letter was dated
      the same date that the institution received notification of unsuccessful Level II mediation.

4

**Defendant No. 7:  Amanda Matoushek, Chair of Social Sciences**
   a) April 2016. Declined plaintiff's request to provide letter of recommendation for Promotion to Associate Professor; defendant stated that "the ramifications would be too great".
   b) April 2016:  Denied plaintiff opportunity to serve on search committee for Criminal Justice faculty position.
   c) April 2016:  Increase scrutiny that similarly situated employees are not subjected to, particularly related to classroom alumni guest speakers
   d) April 2015-Present:  Violation of Title 133 Higher Education Policy Commission: Faculty duties, responsibilities, and obligations.  Denial of academic freedom; input related to course schedule and adjunct positions ignored; notice is received following the scheduling.

**Defendant No. 8:  Sandra Wynn, Chair Promotion and Tenure Committee 2016**
   a) Violation of Due Process. Violation of Appendix E Faculty Handbook: Plaintiff failed to be notified of recommendation of the committee, April-May 2016; plaintiff was denied opportunity to appeal recommendation provided to Provost regarding promotion to rank of Associate Professor.  Plaintiff filed for promotion based on exception to the application; having met 16 of required 30 hours, and citing alleged sufficiently substantial supporting documentation felt to be sufficient to justify promotion.

**Defendant No. 9:  Dr. Joanne Robinson: Vice-President of Student Affairs**
   a) February 3, 2016: Dr. Robinson allowed an anonymous letter to be published in The Bluefieldian (college student publication), in violation of college catalog policy related to Student Publications prohibiting material that may be considered insulting and offensive. The letter named criminal justice, mocking contentious actions related to online learning platforms.

**Defendant No. 10: Jerry Perdue, Editor, Bluefieldian**
   a) February 3, 2016:  Defendant was Editor of the school publication; allegedly, intentionally and with malice aforethought included criminal justice, i.e., plaintiff, in insulting and offensive letter written regarding the dissension on campus related to online learning platform.

**Defendant No. 11:  Marsha Krotseng, President, Bluefield State College**
   a) Denial of promotion to rank of Assistant Professor, June 22, 2016. The denial is alleged to be discriminatory and retaliatory in nature.  Defendant is complicit in allowing selective application of policy; there is known deviation from policy related to a tenure application approval, against recommendation of faculty member's own department; plaintiff received glowing recommendations from students, former students successfully working in the field, staff, and willing colleagues.  Alleged violation of due process and equal protection under the law.
   b) Defendant is complicit in violation of Title 133: Faculty duties, obligations, and responsibilities in that plaintiff has been denied pleadings to the President to intervene in the continued deterioration of the criminal justice program based on related decisions by those with lack of knowledge and experience in the field.  March 2015-Present.

5

c) Defendant has allowed disrespect to be lodged against plaintiff, in violation of Governing Board Policy 3. Defendant has witnessed and has sufficient knowledge of plaintiff being shunned and treated with disrespect; she has allowed this to continue.

d) Plaintiff issued minimum 3 requests, citing 2 policies related to publication, for names of individuals receiving promotion tenure over the past 3 years; it took several week for request to be complied with.

e) Defendant is ultimately responsible for each and every action of violation of constitutional rights and disrespect cited herein.

f) Defendant lacks the ability to lead, and has failed to effectively supervise administrators and hold them to account. Fall 2012-Present; indicated by virtue of allowing ongoing harassment as knowledge is sufficient for intervention; failure to lead.

**Defendant No. 12: Bluefield State College Board of Governors**
**Robert E. Perkinson, Jr., Chair**
The only employee directly supervised by the governing board is the President. The board has allowed a climate and culture of disrespect, violation of rights, policy discriminately applied, and known failed leadership to be continue. Vote of no confidence by faculty on the President was totally and completely ignored. The President has not influenced a climate and culture conducive to an educational environment. The board hired, and continues to employ, the President despite unfavorable reviews, steadily declining enrollment during her 5-year tenure, and significant decrease in revenues. The Chair was present, and witnessed, incident wherein plaintiff was bullied April 28, 2015; he failed to intervene based on cronyism with the bully. The Board is complicit in violation of constitutional rights of the plaintiff. Plaintiff has spoken with the Chair related to issues, beginning April 2015; while email may be responded to, the issues fail to be addressed as campus-wide cried are heard, and ignored. Defendant is complicit in demonstrating deliberate indifference.

**Defendant No. 13: Garry Moore, Vice-Chair, Board of Governors**
Defendant is complicit in allowing failed leadership to continue; failure to address actions allowed by the President, related to selective application of policy, allowed disparate treatment of plaintiff and retaliation, as well as above-cited climate and culture perpetrated by the President. Plaintiff reached out to defendant April 2015 regarding the numerous issues interfering with ability of plaintiff to perform duties based on unwarranted interference from administration, unsustainable salary, climate of disrespect, and overall negative community perception. Defendant discussed with plaintiff, no action was initiated to address problems. Defendant is complicit in deliberate indifference, ignoring outcries and vote of no confidence against the President.